PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, MN SBN 310931
ASSISTANT UNITED STATES TRUSTEE
JARED A. DAY, CA SBN 275687
TRIAL ATTORNEY
**UNITED STATES DEPARTMENT OF JUSTICE**
OFFICE OF THE UNITED STATES TRUSTEE
300 Booth Street, Room 3009
Reno, Nevada 89509
Telephone: (775) 784-5530
E-mail: *jared.a.day@usdoj.gov*

Attorneys United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

SIERRA NEVADA BUILDERS L.L.C.,

Debtor.

Case No: 25-50741-hlb

Chapter 11

Hearing Date: March 4, 2026
Hearing Time: 10:30 a.m.

**MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b)
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE**

Peter C. Anderson, United States Trustee for Region 17 ("United States Trustee"), by and through his undersigned counsel, hereby files this *Motion of the United States Trustee Under 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 to Dismiss or Convert Chapter 11 Case* ("Motion").[1]

/ / /

---

[1] Hereafter, all references to "section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure.

-1-

## I.   INTRODUCTION

"Cause" exists to dismiss this chapter 11 case or convert it to chapter 7 for several reasons. First, Debtor's monthly operating reports ("MORs") filed in this case demonstrate gross mismanagement of the estate, including, *inter alia*, the failure to timely satisfy postpetition obligations, underreported receipts and disbursements, inaccurate financial accounting, and the use of non-debtor in possession financial accounts for estate activity. Second, Debtor has failed to expeditiously prosecute this case by filing a confirmation procedures motion and scheduling its timely filed subchapter V plan of reorganization for confirmation in contravention of the spirit of subchapter V. And third, Debtor has failed to file accurate MORs for months of August 2025, September 2025, and October 2025, along with failing to file its MOR for the month of November 2025, thereby preventing the United States Trustee, creditors, and other parties in interest from accurately assessing Debtor's disbursements and financial condition. For these reasons, the United States Trustee has established cause to dismiss or convert this case under sections 1112(b)(4)(B), (F), and other unenumerated reasons.

This Motion is based on the entire record in this case, the following memorandum of points and authorities, and the Declaration of United States Trustee Bankruptcy Auditor Bryan G. Coleman ("Coleman Decl.").

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

**A.   General Case Background**

1.   On August 13, 2025, Debtor Sierra Nevada Builders L.L.C. ("Debtor") filed a voluntary chapter 11 petition ("Petition") under subchapter V of the Bankruptcy Code. *See* ECF No. 1.

2. Debtor's general bankruptcy counsel is Stephen R. Harris of Harris Law Practice LLC. *See* ECF Docket *generally*. The associated employment application was approved by the Court on October 23, 2025. *See* ECF Nos. 27 *and* 44.

3. On August 15, 2025, Brian D. Shapiro was appointed as the subchapter V trustee in this case. *See* ECF No. 10.

4. Unless otherwise ordered for "cause," the United States Trustee does not solicit for or appoint an official committee of unsecured creditors in subchapter V cases. *See* 11 U.S.C. § 1102(a)(3). The Court has not entered such an order to date. *See* ECF Docket *generally*.

5. The meeting of creditors under 11 U.S.C. § 341(a) was conducted on September 15, 2025 and continued to October 14, 2025 wherein it was concluded. *See* ECF Nos. 4, 32, *and* 42.

**B.** **Debtor's Bankruptcy Schedules and Statements**

6. Debtor filed its required bankruptcy schedules and statements on September 8, 2025 (*see* ECF Nos. 25 *and* 26) after obtaining an order from the Court extending its deadline to do so. *See* ECF Nos. 21 – 24. Since that time, Debtor has filed amended Schedules A/B and D. *See* ECF No. 39.

7. Debtor scheduled no real property. *Id.* Amended Schedule A/B reflects one checking account at Bank of America with a date of filing balance of $10,448.47; miscellaneous leftover inventory and supplies from previous construction jobs with a value of zero; office furniture and office equipment valued at $1,800; and four vehicles, machinery, and general equipment with a scheduled value of $168,650. *Id.*

8. According to amended Schedule D, there is significant equity in much of Debtor's scheduled personal property. *Id.*

9. Debtor scheduled $61,200.63 in priority debt owed to three separate governmental entities, including the IRS ($32,157.12), the NV Department of Taxation (two claims for $19,932.59 and $2,231.43), and the NV Department of Employment ($6,879.49). *See* ECF No. 25.

10. Schedule E/F reflects $345,105.26 in general unsecured claims, some of which are described as "potential claims against Debtor" by what appear to be customers that paid for general contracting services prepetition. *Id.* Debtor failed to schedule at least three individual general unsecured creditors that have filed proofs of claim in this case: Megan Diane Gist (POC 12-1 for $3,475 with a prepetition contract date of May 18, 2025); Daniel Springer (POC 13-1 for $22,640 with a prepetition contract date of October 3, 2024); and Eric C. Heuck (POC 14-1 for $4,800 with a prepetition contract date of July 22, 2025).[2] *Id.*; *see also* Claims Register. Consequently, at least these three claimants are not on Debtor's bankruptcy case matrix and thus did not receive notice of Debtor's bankruptcy filing. *Id.* The U.S. Trustee is informed and believes that there may be other general unsecured creditors and/or postpetition claimants in a similar position.

**C.     Debtor's Monthly Operating Reports**

11. Debtor's August 2025 MOR reflects the following concerns:

    a. According to question 3, Debtor did not pay all bills on time during the period;
    b. Negative cash flow of (24,982.68);
    c. Negative ending cash balance of (14,534.68); and
    d. No bank reconciliation, profit and loss, or balance sheet attached.

*See* ECF No. 37; *see also* Coleman Decl.

12. Debtor's September 2025 MOR reflects the following concerns:

---

[2] Debtor's pending plan of reorganization filed on November 12, 2025 does not appear to address at least these three general unsecured claims either. *See* ECF No. 46.

    a. Filed 13 days late on November 3, 2025;
    b. According to question 3, Debtor did not pay all bills on time during the period;
    c. Beginning cash balance of $9,971.17 does not agree with the ending cash balance of negative (14,534.68) reported in prior month;
    d. Cash on hand at the end of the month does not agree with the beginning balance, plus receipts, less disbursements, which would yield cash of $18,738.45. The ending cash balance listed is only $1,203.89;
    e. According to question 24, Debtor has $33,088.81 in new unpaid payables since the Petition date;
    f. No bank reconciliation, profit and loss, or balance sheet attached; and
    g. No DIP account bank statement attached despite Debtor opening its DIP account in the month of September 2025.

*See* ECF No. 45; *see also* Coleman Decl.

13.    Debtor's October 2025 MOR reflects the following concerns:

    a. Filed 31 days late on December 22, 2025;
    b. According to question 3, Debtor did not pay all bills on time during the period;
    c. According to question 10, Debtor has bank accounts open other than DIP accounts;
    d. Beginning cash balance of $19,782.31 does not agree with the ending cash balance reported in the prior month of 1,203.89;
    e. According to question 24, Debtor has $4,931.81 in new unpaid post-petition payables;
    f. No bank reconciliation, profit and loss, or balance sheet attached; and
    g. DIP bank account statement attached reflects more deposits ($61,869.94) than the reported amount of receipts ($58,315). No reconciliation provided.

*See* ECF No. 47; *see also* Coleman Decl.

14.    Debtor has failed to file accurate MORs for the months of August 2025, September 2025, and October 2025, along with failing to file its MOR for the month of November 2025, leaving the United States Trustee, creditors, and parties in interest unable to determine Debtor's financial condition or disbursements with accuracy. *See* ECF Docket *generally*; *see also See* Coleman Decl.

/ / /

**D.     Debtor's Subchapter V Plan of Reorganization**

15.     On November 12, 2025, Debtor filed a timely subchapter V plan of reorganization.  *See* ECF No. 46.  However, Debtor has yet to file a procedures motion setting the requisite associated plan confirmation deadlines and requesting a confirmation hearing.  *See* ECF Docket *generally*.

### III.     JURISDICTION AND VENUE

16.     The Bankruptcy Court has jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(a), 1334, and 157(b).

17.     The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

18.     The United States Trustee has standing to prosecute this Motion under 11 U.S.C. §§ 307 and 1112, along with Fed. R. Bankr. P. 1017 and 9014.

19.     Venue of this case and the contested matter presented by the Motion are proper in this district under 28 U.S.C. §§ 1408 and 1409.

### IV.     ARGUMENT

20.     11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

21.     Section 1112(b) includes a non-exclusive list of what constitutes "cause," and the court may "consider other factors as they arise, and [] use its equitable power to reach the appropriate result . . . ."  *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001).  The list of examples of "cause" in section

1112(b) "is non-exhaustive and the Bankruptcy Court ha[s] discretion to also consider case-specific factors in its analysis." *In re Saber*, 527 F. Supp. 3d 1196, 1199 (C.D. Cal. 2021). *See also Consol. Pioneer Mortg. Entities*, 248 B.R. at 375 (noting that "[a] bankruptcy court is given wide discretion to convert a chapter 11 case to chapter 7 for 'cause'").

22. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate, and (2) identify whether there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *Sullivan*, 522 B.R. at 612.

    **A.    Cause Exists Under 11 U.S.C. § 1112(b)(4)(B) Due to Debtor's Gross Mismanagement of the Estate.**

23. Section 1112(b)(4)(B) provides that a case may be dismissed or converted due to a debtor's "gross mismanagement of the estate." *See* 11 U.S.C. § 1112(b)(4)(B). A debtor in possession's responsibility to manage the estate arises from its fiduciary duty and obligation owed to all of its creditors and parties-in-interest. *See, e.g., Wolf v. Weinstein*, 372 U.S. 633, 649 (1963) ("[s]o long as the [d]ebtor remains in possession, it is clear that the corporation bears essentially the same fiduciary obligations to the creditors as does the trustee for the [d]ebtor out of possession"); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (stating that the willingness to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibility

of a trustee). "A debtor in possession's responsibility to manage the estate arises from its fiduciary duty to its creditors … Bankruptcy courts have found a wide variety of conduct can establish gross mismanagement." *In re Hoyle*, 2013 WL 210254, * 20 (Bankr. D. Idaho 2013).

24. Gross mismanagement of the estate under 11 U.S.C. § 112(b)(4)(B) typically focuses on how a debtor has managed the estate's assets or business during the pendency of the bankruptcy proceeding, and how a debtor has reported and handled, post-petition, income and expenses derived from the assets/business. *See Grego v. U.S. Trustee (In re Grego)*, 2015 Bankr. LEXIS 1792 at *12-14 (B.A.P. 9th Cir. May 29, 2015) (collecting cases).

25. Here, Debtor's MORs exhibit gross management of the estate. For example, Debtor indicates in all three filed MORs for the months of August 2025 through October 2025 that it is not paying all of its postpetition obligations on time. *See* ECF Docket *generally*; *see also* Coleman Decl. In addition, the beginning cash balances and ending cash on hand referenced in the September 2025 and October 2025 MORs do not agree with the associated bank statements. *Id.* The DIP bank account statement attached to the October 2025 MOR also reflects more deposits ($61,869.94) than the amount of reported receipts ($58,315). *Id.*

26. Therefore, the United States Trustee has established sufficient cause to dismiss or convert this case under section 1112(b)(4)(B).

    **B.**    **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (4) Because Debtor Has Failed to Expeditiously Prosecute This Bankruptcy Case.**

27. As indicated, Section 1112(b)(4) provides an enumerated list of grounds for "cause" to dismiss or convert a case under 11 U.S.C. § 1112(b)(1), but these enumerated grounds are not exclusive. *See Hall v. Vance*, 887 F.2d at 1044. Cause to convert or dismiss a chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (holding that because "[a] debtor's failure to make meaningful and

substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,] . . . a debtor cannot wallow in chapter 11") (quotations and citations omitted); *In re Milford Connecticut Assocs.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("[c]hapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization"); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) ("[t]he Chapter 11 debtor is a fiduciary of his creditors. . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner") (citations omitted).

28. The Small Business Reorganization Act added new subchapter V provisions designed to streamline the reorganization process for small business debtors. [*See* 11 U.S.C. §§ 1181 through 1195]. Subchapter V cases are supposed to move expeditiously, as Congress designed subchapter V to be "a fast-tracked process aimed at giving the qualifying debtor a less expensive and accelerated path to reorganize its business affairs . . . ." *In re Online King LLC*, 629 B.R. 340, 350 (Bankr. E.D.N.Y. 2021).

29. Here, Debtor filed its subchapter V plan over two months ago, and Debtor has failed to file a confirmation procedures motion and schedule its subchapter V plan of reorganization for confirmation in contravention of the spirit of subchapter V. *See* ECF Docket *generally*.

30. Given Debtor's failure to expeditiously prosecute this case as a fiduciary to its creditors, cause exists to either dismiss Debtor's case outright or to convert it to chapter 7 of the Bankruptcy Code.

/ / /

**C.      Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) Because Debtor Has Failed to File Accurate MORs and File Its MOR for the Month of November 2025.**

31.     "Cause," as used in section 1112(b)(1), is defined in pertinent portions of section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> . . .
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> . . .

11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

32.     Here, Debtor has filed inaccurate MORs for the months of August 2025, September 2025, and October 2025. *See* Coleman Decl.; *see also* ECF Docket *generally*. In addition, it is undisputed that Debtor has failed to timely file its MOR for the month of November 2025. *Id.*

33.     As discussed *supra*, the MORs that have been filed are inaccurate, which amounts to the failure to file MORs. "Our bankruptcy system is dependent upon accurate, timely and complete self-reporting by debtors in their schedules, in their statements of financial affairs, and in their other filings." *Grego v. United States Tr.*, No. EC-14-1067-KuPaJu, 2015 Bankr. LEXIS 1792, at *19 (emphasis added) (citations omitted).

34.     The timely filing of MORs is required by the Bankruptcy Court and Rules, as well as applicable United States Trustee Guidelines.[3] As other Courts have held, monthly reports and

---

[3] The applicable United States Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." *See* Region 17: United States Trustee Guidelines, available at https://www.justice.gov/ust/ust-regions-r17/region-17-general-information#nvr. The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("[t]he UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance

-10-

the financial disclosures contained in them "are the life blood of the chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

35. Even if Debtor were to now bring its MORs current by filing the delinquent operating report, the delay in filing would itself constitute cause to dismiss or convert this case under section 1112(b).[4]  Cause, as defined in section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *Babayoff*, 445 B.R. at 81 (finding cause to dismiss or convert under section 1112(b) where debtor filed multiple MORs "in a single batch, weeks or months late").

36. Accordingly, cause exists to dismiss or convert this case under section 1112(b)(4)(F).

**D.    Once Cause is Established, Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

37. Once "cause" is established, the burden then shifts to the debtor to demonstrate that section 1112(b)(2) precludes relief under section 1112(b)(1). *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).

38. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best

---

of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill"). In addition, Fed. R. Bankr. P. 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires.

[4] Given Debtor's failure to file the operating report, the United States Trustee reserves his rights to supplement his Motion in the event that Debtor tardily files a report that supports cause for conversion or dismissal under section 1112(b)(4)(A).

-11-

interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

39. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

40. Importantly, Debtor must establish all of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Marciano*, 459 B.R. 27 (B.A.P. 9th Cir. 2011); *In re Baroni*, 36 F.4th 958 (9th Cir. 2022).

41. In addition, the record does not disclose any unusual circumstances that would establish justification against granting the section 1112(b)(4)(B) and (F) relief requested in the Motion.

**Conversion Appears to Be the Appropriate Remedy in This Case.**

42. In deciding on whether dismissal or conversion of a chapter 11 case to a case under chapter 7 is in the best interests of a debtor's creditors and bankruptcy estate, courts generally look to and apply a series of factors in determining which form of relief under section 1112(b)(1) is appropriate once cause for relief has been established:

    a. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

    b. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

    c. Whether the debtor would simply file a further case upon dismissal.

    d. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

    e. In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

    f. Whether any remaining issues would be better resolved outside the bankruptcy forum.

    g. Whether the estate consists of a "single asset."

    h. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

    i. Whether a plan has been confirmed and whether any property remains in the estate to be administered.

    j. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See Rand v. Porsche Fin. Servs.*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)).

43. Conversion of this case is the appropriate remedy for several reasons. First, most of Debtor's scheduled personal property assets appear to have equity that a chapter 7 trustee should investigate for possible liquidation and administration to Debtor's unsecured creditors. Second, it appears that Debtor's prepetition and postpetition financial activity and transfers should be reviewed by a chapter 7 trustee for possible avoidance actions for the benefit Debtor's unsecured creditors. In addition, a trustee and creditors should have an opportunity to review Debtor's irregular financial transactions.

44. In the alternative, the United States Trustee does not object to the Court dismissing the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate.

## V. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) converting this chapter 11 case to chapter 7, or in the alternative, dismissing the case, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Date: January 14, 2026      Respectfully Submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:   */s/ Jared A. Day*
      Jared A. Day
      Trial Attorney for the United States Trustee

-14-

# CERTIFICATE OF SERVICE

I, ANA BETANCOURT, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on January 14, 2026, I caused a copy of the foregoing

**MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE**

to be served on the following parties:

☑    a. ECF System (attach Notice of Electronic Filing or list of persons and addresses):

- **ANTHONY W. AUSTIN**    aaustin@fennemorelaw.com, gkelsey@fennemorelaw.com
- **STEPHEN R HARRIS**    steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- **BRIAN D. SHAPIRO**    brian@trusteeshapiro.com, nv22@ecfcbis.com;kristin@trusteeshapiro.com;carolyn@brianshapirolaw.com
- **STEFANIE T. SHARP**    ssharp@rssblaw.com, chernandez@rssblaw.com
- **U.S. TRUSTEE - RN - 11**    USTPRegion17.RE.ECF@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Signed: January 14, 2026

*/s/ Ana Betancourt*
Ana Betancourt